UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER J. PARKHURST,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR DRYWALL, INC.,<br>AD DRYWALL CORP., and<br>HANOVER RS CONSTRUCTION, LLC<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 21-cv-10826-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

BURROUGHS, D.J.

Plaintiff Christopher J. Parkhurst ("Mr. Parkhurst") has moved to file and serve an amended complaint that adds KAMCO Supply Corp. of Boston ("Kamco") as a defendant. [ECF No. 24]. For the reasons set forth below, the motion is GRANTED.

I.  BACKGROUND

Mr. Parkhurst filed his original complaint on May 19, 2021.[1] [ECF No. 1 ("Compl.")]. The complaint alleges that Mr. Parkhurst was injured while working as an HVAC installation technician on a building construction site ("the Project") in Cambridge, Massachusetts on May 22, 2018. See [id. ¶¶ 9–12.]. According to Mr. Parkhurst, as he was walking on the Project site "approximately fifteen hundred pounds" of unsecured sheetrock fell onto his right leg, trapping him for ten minutes and causing injuries to his right knee and leg. [Id; ECF No. 25 at 2]. In the

---

[1] Mr. Parkhurst first filed a complaint in the Superior Court for the State of Rhode Island before the addition of Defendant AD Drywall Corp ("AD Drywall") caused him to file a new complaint in this Court.

original complaint, Mr. Parkhurst brought negligence claims against (1) Defendant Superior Drywall, Inc. ("Superior"), the drywall subcontractor that performed work in connection with the Project; (2) Defendant AD Drywall, the commercial drywall subcontractor engaged by Superior that also performed work in connection with the Project; and, (3) Defendant Hanover RS Construction, LLC ("Hanover"), the general contractor engaged by the site owner who was responsible for maintaining a safe work area. [Compl. ¶¶ 2–4].

Defendants Superior and AD Drywall timely answered Mr. Parkhurst's complaint. [ECF Nos. 13, 14]. Thereafter, on August 5, 2021, the Court issued a scheduling order that set the deadline for any amendments to pleadings as September 24, 2021. [ECF Nos. 17, 18]. On December 15, 2021, Mr. Parkhurst moved for leave to file an amended complaint to add Kamco as new defendant and to assert a negligence claim against it, based on Superior's interrogatory responses that identified Kamco as the party that supplied Superior with the drywall and that delivered the drywall to the Project. [ECF No. 25 at 1–2; ECF No. 24-1 ("Amended Compl.")]; see also [ECF No. 25-1 at 4 (Superior's interrogatory response identifying Kamco)].

II.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after a motion to dismiss or answer has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend the pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that leave to amend should be "freely give[n] . . . when justice so requires." Id.

In cases where a district court has issued a scheduling order under Rule 16(b) and the amendment sought contravenes a deadline imposed by the court, "Rule 16(b)'s more stringent

good cause standard supplants Rule 15(a)'s leave freely given standard." U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (first citing Cruz v. Bristol-Myers Squibb Co., P.R., Inc., 699 F.3d 563, 569 (1st Cir. 2012), then citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155–56 (1st Cir. 2004) (citing Sosa with approval).

"Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell, 357 F.3d at 155.  Under this inquiry, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id.  Rather, "'[i]ndifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. (citation omitted).  "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy . . . .'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).

In addition to good cause, futility presents another potential bar to amendment.  In the context of a motion to amend, "futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." O'Leary v. N.H. Boring, Inc., 323 F.R.D. 122, 126 (D. Mass. 2018) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

Under this standard, an amendment will not be deemed futile unless it fails to support a "plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

Finally, judicial economy may also be considered when deciding motions to amend. See EMC Corp. v. Pure Storage, Inc., 310 F.R.D. 194, 202–03 (D. Mass. 2015); Rockingham Cty. Nursing Home v. Harnois, No. 11-cv-11057, 2014 WL 176580, at *9–10 (D. Mass. Jan. 10, 2014).

### III.     DISCUSSION

Mr. Parkhurst did not move to amend the complaint until December 15, 2021, nearly two months after the deadline for such an amendment. [ECF No. 24].  Given the untimeliness of the motion to amend, the Court reviews the request under Rule 16(b)'s "good cause" standard, which is based on diligence and prejudice to the non-moving parties, and also considers the futility of the proposed amendment as well as judicial economy.  The Court concludes that there is good cause to allow Mr. Parkhurst to file an amended complaint to add Kamco as a defendant, that the claim asserted against Kamco is not futile, and that allowing the addition serves the important interest of judicial economy.

#### A.     Diligence

According to Mr. Parkhurst, he was not aware of Kamco's involvement and potential liability until December 8, 2021 when Superior's interrogatory responses identified Kamco as the material supplier that had delivered and stacked the drywall that caused his injuries. [ECF No. 25; ECF No. 25-1 at 4 (Superior's interrogatory response identifying Kamco)]. He maintains that he was diligent in seeking leave to amend his complaint as the instant motion was filed only a week later on December 15, 2021. [ECF No. 25 at 3]. Mr. Parkhurst also asserts

that Superior had not previously identified Kamco as a responsible party in its Rule 26 disclosures or in any responses to written discovery served in a prior related state court action. [Id. at 2]. Absent any evidence to the contrary, the Court cannot conclude that Mr. Parkhurst's untimely motion to amend, which is based on newly discovered evidence of an additional potential defendant, was attributable solely to his own lack of diligence or evidence of indifference. Further, the fact that Mr. Parkhurst requested leave to amend his complaint exactly one week after receiving Superior's interrogatory response identifying Kamco "reflects the developing factual record related to this litigation" rather than an attempt to delay it. Penobscot Nation v. Mills, No. 12-cv-00254, 2014 WL 442429, at *3 (D. Me. Feb. 4, 2014).

While Rule 16(b)'s "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (quoting Flores-Silva v. McClintock-Hernández, 710 F.3d 1, 3 (1st Cir. 2013)), prejudice is still a factor to be considered. On balance, the Court finds that adding Kamco would not unduly prejudice the parties. Discovery is still ongoing, and although the January 25, 2022 fact discovery deadline is approaching, see [ECF No. 17], Kamco may request additional time, if needed, to adequately complete discovery. Moreover, no party has opposed the motion, dispositive motions are not due until June 24, 2022, [id.], and a trial date has not yet been set. Cf. Somascan, Inc., 714 F.3d at 64–65 (affirming district court's denial of leave to amend a complaint and noting that "an additional burden is imposed [on the moving party] when leave to amend is sought after discovery has been completed and a motion for summary judgment has been filed by a defendant"). Thus, Kamco will have time to prepare a defense to Mr. Parkhurst's claims in advance of dispositive motions being filed and without the pressure of a looming trial date.

Accordingly, there is good cause for Mr. Parkhurst's late-filed motion to amend.

### B. Futility

The "futility" assessment is governed by the standard for motions to dismiss under Fed.R.Civ.P. 12(b)(6). See Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass. 2005). Therefore, an amendment will not be deemed futile unless it fails to support a "plausible entitlement to relief." Rodríguez–Ortiz, 490 F.3d at 95 (quoting Twombly, 550 U.S. at 559); see also Angelo v. USA Triathlon, No. 13-cv-12177, 2014 WL 12644303, at *1 (D. Mass. Nov. 14, 2014); Adorno v. Crowley Towing And Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). Drawing all reasonable inferences in his favor and accepting his factual allegations as true, Mr. Parkhurst has pleaded facts that allow for the plausible inference that Kamco is at least partly liable for his injuries.

### C. Judicial Economy

Finally, there is no dispute that allowing Mr. Parkhurst to proceed with a negligence claim against Kamco promotes judicial economy. Where the claims against Kamco stem from the same incidents described in Mr. Parkhurst's original complaint and rely largely on the same facts, it is logical and efficient to allow these related claims to be litigated in one case, rather than to require Mr. Parkhurst to initiate a new, related action concerning these same incidents.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, Mr. Parkhurst's motion for leave to file an amended complaint, [ECF No. 24], is GRANTED.

SO ORDERED.

January 4, 2022                                          /s/ Allison D. Burroughs
                                                                                             ALLISON D. BURROUGHS
                                                                                             U.S. DISTRICT JUDGE